## Case No. 15,310.

UNITED STATES v. HARRILL et al.

[1 McAll. 243.] [1]

Circuit Court. N. D. California. Aug. Term, 1857.

ACTIONS AGAINST DEBTORS OF THE UNITED STATES —EVIDENCE—TRANSCRIPTS FROM DEPARTMENTS.

1. Congress, in derogation of the common law, have made transcripts from the departments at Washington, evidence against public debtors.

2. Their mode of authentication, as prescribed by law. must be strictly pursued.

3. They are, when so authenticated, prima facie evidence of indebtedness to the United States.

4. The omission to give in the account the disallowed credits, under the circumstances of this case. did not render the transcript incompetent as evidence under the post-office act of July 2, 1836 [5 Stat. 80].

At law.

P. Della Torre, U. S. Atty.
Glassell & Leigh, for defendants.

McALLISTER, Circuit Judge. This action was brought upon a postmaster's bond. A jury trial was waived by the respective parties, and the case submitted upon the law and facts to the court, with the stipulation that the determination of the court should be entered as its judgment, not only in this case, but similar judgments entered in the case of U. S. v. Harrill. and in the case of U. S. v. Jobson; pending in this court. Two bonds were given in evidence on the trial, and certain transcripts of statements of accounts from the post-office department were proffered. These latter were objected

---

[1] [Reported by Cutler McAllister. Esq.]

to, on the ground that they were incompetent and insufficient. No evidence was given by the defendants.

The question is as to the competency of these transcripts and whether they are sufficient to sustain the present action. The acts of congress which make transcripts from the departments at Washington evidence against public debtors, introduced a new rule of evidence; but it has long since been decided by the supreme court that the legislature had the power to establish new rules of evidence, in derogation of the common law, by making such documents evidence. All that is required is that the mode of authenticating them, as prescribed by law, must be strictly pursued.

It is objected to the authentication of the account, that the certificate annexed does not declare the account to which it is annexed to be a "statement" of the account. The law which makes the statement of the account evidence, prescribes no form of certificate. In its eighth section it directs that the auditor of the treasury for the post-office department, shall credit and settle all accounts arising in his department, and certify the same to the postmaster general; and in the fifteenth section it declares that in every case of delinquency a statement of the account so certified shall be admitted. In this case, the auditor certifies "the above to be a true and correct copy of the account of Drury D. Harrill, late postmaster at Shasta, California, as audited and adjusted at this office." A certificate that it is a true and correct copy of the account as audited and adjusted, is more specific than one would have been had it certified generally it was a statement of the account. There is no defect in the mode of authentication.

The principal ground of objection is that the account does not exhibit on its face the items of credit which had been allowed to the party. In the case of U. S. v. Hodge. 13 How. [54 U. S.] 478, it is decided that the fact that the items of credit disallowed were not set forth on the face of the account, did not invalidate it as competent and legal testimony. It is difficult to ascertain why the omission of allowed credits should have that effect. The omission to set forth, item by item, each item of either class of credits, would not render less competent the accounts as evidence, though the omission might interfere with their sufficiency as testimony in the face of counter-evidence. They still are statements properly certified by the proper officer, and as such are competent testimony under the law. Not only such statements duly certified are made evidence but so are all other papers pertaining to the account, certified in like manner. Each in itself, and independently of all others pertaining to the account, is competent evidence They are not less so because unaccompanied by other documents. In the case of Postmaster General v. Rice

[Case No. 11,612], an account was given in evidence, the action being on a postmaster's bond. In relation to the former, the court say, "That shows the various balances due and owing at the end of each quarter." It was the only evidence offered on the part of the United States. It was objected to: and the court charged the jury that in giving their verdict they were to consider the document as legal evidence of the facts it contained, and as such, it established prima facie the debt as due to the United States. That case is more conclusive, as Judge Hopkins, who made the charge, had previously excluded as evidence a transcript from the treasury under the act of March 3, 1797 [1 Stat. 512]. This was done in the case of U. S. v. Patterson [Case No. 16,008]. The learned judge placed his decision on the language of that act, which requires "a transcript from the books and proceedings of the treasury," certified, &c., which language he considered intended a certificate of the whole accounts as they appear in the books of the treasury, together with all the proceedings which have been had concerning them. In the subsequent case of Postmaster General v. Rice [supra], the judge, in view of the difference between the phraseology of the act of March 3, 1797, and the thirty-first section of the post-office act of 1825, says of the latter: "It certainly was the intention of that act to substitute a statement of the settled account instead of copies of the accounts current," &c.

In Jones v. U. S. 7 How. [48 U. S.] 681, an account, the debit side of which was similar to the one before us, was given in evidence. With the exception of dates and amounts, the debit side of the account exhibited only the quarterly balances, and was in every particular like the account offered in evidence in this case. Although elaborately argued for the defendant, no objection was made to the mode of stating the account. It is true, as urged by counsel, that Mr. Justice Daniel, in the case of U. S. v. Hodge. 13 How. [54 U. S.] 485, uses the following language: "It is true that the cases above mentioned did not arise upon the statute regulating the post-office department; but they involved the construction of the act of March 3, 1797, the import of which, and indeed the language thereof, mutatis mutandis, are identical with those of the act of 1836 regulating the post-office department." Id. 485. The learned judge was endeavoring to show, by reference to decided cases under the act of March 3, 1797, the admissibility of the account before the court, in a post-office case; and to illustrate their applicability, made the above observation as to the similarity of the phraseology between the two statutes. The decision of the court was, that under the principles enunciated in the decisions under one act, a certified account was admissible in a post-office case. It is urged by counsel that the supreme court